# LAW OFFICE OF AMY JANE AGNEW

Honorable Loretta A. Preska
Senior Justice, United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

October 28, 2023

**VIA ECF**

Re:     Opposition to Motions to Dismiss and Request for Coordinated Discovery

| | |
|---|---|
| *Allah v. Dinello*, 23-cv-3286 (Dkt. Nos. 55, 57) | *Alston v. Mueller*, 23-cv-3290 (Dkt. No. 29) |
| *Feder v. Dinello*, 23-cv-3392 (Dkt. Nos. 33, 39) | *Frateschi v. Hammer*, 23-cv-3394 (Dkt. No. 29) |
| *Jacks v. Mueller*, 23-cv-3288 (Dkt. No. 39) | *Jacobs v. Mueller*, 23-cv-3606 (Dkt. No. 30) |
| *Johnson v. Dinello*, 23-cv-3553 (Dkt. Nos. 31, 33) | *Locenitt v. Dinello*, 23-cv-3399 (Dkt. No. 64, 66) |
| *Marcial v. Mueller*, 23-cv-3455 (Dkt. Nos. 31, 33) | *Ortiz v. Dinello*, 23-cv-3547 (Dkt. No. 37, 39) |
| *Perez v. Dinello*, 23-cv-3300 (Dkt. No. 46) | *Reyes v. Dinello*, 23-cv-3315 (Dkt. No. 24) |
| *Rivera v. Mueller*, 23-cv-3579 (Dkt. No. 18) | *Rosado v. Mueller*, 23-cv-3718 (Dkt. Nos. 45, 46) |
| *VanGuilder v. Mueller*, 23-cv-3398 (Dkt. Nos. 29, 31) | *Wilkerson v. Hammer*, 23-cv-3397 (Dkt. Nos. 34, 42) |

Dear Judge Preska:

Plaintiffs respectfully write to request consolidation of the above motions for disposition, and establishment of a discovery calendar for the *Tranche I* Allen-related individual damages cases.  By way of background, Plaintiffs have attempted on many occasions to discuss appropriate discovery and motion consolidation with Defendants' counsel.  As the Court is aware, a motion to transfer and consolidate is pending before the Judicial Panel on Multidistrict Litigation (MDL).  The MDL placed the proposed MDL on Schedule A for oral argument on November 30, 2023 in San Antonio, Texas.[1]  Given the statistics regarding the success of motions placed on Schedule A by the MDL Panel, Plaintiffs are feeling good about the prospects for the motion.  The transfer of the cases currently pending and to be filed in the Northern and Western districts can only be accomplished with the MDL given Defendants' refusal to consent to transfers pursuant to § 1404.  Consolidation for pre-trial purposes is appropriate given the substantial overlap in legal and factual issues that will occur in all *Allen*-related individual damages suits.

---

[1] Here forward to be referred to as the "Battle of the Alamo."  History tells us we can always lose at the Alamo and then, later, win a giant plain of dusty land and disgruntled denizens – lucky us.

**Consolidated Opposition to Pending Motions**

Defendants' motion to dismiss submissions in the above cases are a prime example of the need for consolidation. Plaintiffs respectfully submit the below in opposition to all pending motions; Defendants have consented to this omnibus response. As an initial matter, all motions are based on a statute of limitations affirmative defense.[2] Yet, the moving briefs consistently fail to mention the equitable tolling available to all prisoners while they administratively exhaust their grievances. See Gonzalez v. Hasty, 651 F. 3d 318 (2d Cir. 2011). In fact, not one brief mentions the fact that equitable tolling for exhaustion must be considered in finding a claim accrual date for a prisoner case despite the pleading laying out the issue. (See all respective pleadings ¶¶ 197-220.) It is Defendants' burden to establish when the claim accrued and they can only do this after discovery on the time frame of each plaintiff's exhaustion. Overall v. Estate of Klotz, 52 F. 3d 398, 403 (2d Cir. 1995); Gonzalez, 651 F. 3d at 322 ("[T]he burden is on the defendant to establish when a federal claim accrues."). As all counsel in the related Allen actions know, the Central Office Review Committee's final responses to grievances were running one and a half to sometimes three years behind during the relevant time frames. Pacer is littered with declarations crafted by these very same attorneys and signed by Rachel Seguin, the Grievance Coordinator in Central Office, attesting to the delays.

As the statute of limitations issues cannot be resolved on the face of the pleadings nor the record to date in these suits pursuant to a Rule 56 conversion on reply, all the 12(b)(6) motions to dismiss based on the statute of limitations must be denied for the time being. SOL motions are generally brought at the summary judgment stage in prisoner rights' cases for just this reason. Of course, once the parties complete discovery, they can sit down together and math, using the appropriate equitable tolling, plus the COVID tolling, to agree on dismissals as necessary. The Court need not be bothered with such a straight-forward process and certainly need not address

---

[2] Three pending motions will be addressed separately. This Office will voluntarily dismiss Mueller from the Jacks case; that was an error on the part of this office. Plaintiffs will also address the well-worn arguments raised in the two submissions by Whiteman, Osterman and Hanna counsel beyond their SOL arguments. (See Jacks v. Mueller, 23-cv-3288 at Dkt. No. 39; Ortiz v. Dinello, 23-cv-3547 at Dkt. No. 39; Wilkerson v. Hammer, 23-cv-3397 at Dkt. No. 42).

redundant motion practice across sixteen cases.  Accordingly, Plaintiffs respectfully request the Court deny all pending motions to dismiss listed above.

Because the following cases will not be impacted by the MDL either way and the pending Plaintiffs respectfully request that coordinated discovery commence for all *Tranche I* cases on the following cycle which includes added time for anticipated extension requests from Defendants for both paper responses and depositions:

| | |
|---|---|
| **December 1, 2023** | **Omnibus Rule 26 Disclosures** |
| **December 15, 2023** | **Omnibus Requests for Discovery** |
| **February 15, 2024** | **Responses Due to All Discovery** |
| **April 15, 2024** | **All Fact Depositions Complete** |
| **May 15, 2024** | **All Expert Disclosures** |
| **June 15, 2024** | **All Rebuttal Expert Disclosures** |
| **July 15, 2024** | **All Dispositive Motions** |

Between now and December 1, 2023, Plaintiffs will establish a secured virtual data room for all paper discovery and transcripts. Hopefully, the parties will also be able to establish a deposition calendar by DOCCS' facility and other streamlined processes.  Of course, should the MDL fail, Plaintiffs will move to consolidate all the SDNY cases anyway, but that is a paper formality.  For the avoidance of any doubt, the *Tranche I* cases are the following twenty-five cases:

| | |
|---|---|
| *Allah v. Dinello, 23-cv-3286* | *Alston v. Mueller, 23-cv-3290* |
| *Bernard v. Dinello, 23-cv-3323* | *Crichlow v. Dinello, 23-cv-3386* |
| *Dunbar v. Hammer, 23-cv-3391* | *Feder v. Dinello, 23-cv-3392* |
| *Feola v. Mueller, 23-cv-3393* | *Frateschi v. Hammer, 23-cv-3394* |
| *Jacks v. Mueller, 23-cv-3288* | *Jacobs v. Mueller, 23-cv-3606* |
| *Johnson v. Dinello, 23-cv-3553* | *Locenitt v. Dinello, 23-cv-3399* |
| *Madison v. Ruiz, 23-cv-3438* | *Marcial v. Mueller, 23-cv-3455* |
| *Miller v. Hammer, 23-cv-3462* | *Oleman v. Hammer, 23-cv-3607* |

| | |
|---|---|
| *Ortiz v. Dinello, 23-cvv-3547* | *Perez v. Dinello, 23-cv-3300* |
| *Reyes v. Dinello, 23-cv-3315* | *Rivera v. Mueller, 23-cv-3579* |
| *Rivera v. Hammer, 23-cv-3700* | *Rosado v. Mueller, 23-cv-3718* |
| *VanGuilder v. Mueller, 23-cv-3398* | *Wilkerson v. Hammer, 23-cv-3397* |
| *Williams v. Dinello, 23-cv-3608* | |

Of course, if the Court would like to conference the proposed discovery calendar above, we would be grateful for the assistance. We would respectfully request that Defendants appoint liaison counsel in advance of any conference; now that there are no fewer than fifteen lawyers on defendants' side of the *Tranche I* cases – many, oddly, representing the same defendants. Any effort to accommodate the calendars of each and every one is likely to fail.

Very truly yours,

*/s/ AJ Agnew*

Amy Jane Agnew, Esq.
*Counsel to Plaintiffs*